## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN BAKER,

        Plaintiff,

v.                              Case No. 1:21-cv-00439 JFR/KK

UNITED PARCEL SERVICE, INC.
LEO LANE, AND JOHN DOE,

        Defendants.

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on June 2, 2021, at 3:30 p.m. MDT and was attended by:

Christopher P. Lucero for Plaintiff John Baker, P.O. Box 25391, Albuquerque, NM 87125-0391, 505-225-8778.

Monica R. Garcia for Defendants United Parcel Service, Inc. ("UPS") and Leo Lane ("Lane"), P.O. Box 3170, Albuquerque, NM 87190-3170, 505-884-0777.

### NATURE OF THE CASE

This is a personal injury case that arises from an incident where Plaintiff alleges he incurred an on-the-job injury while working for his employer, Allied Security Services. Plaintiff alleges the injury arose defendants' negligence and seeks compensatory damages from Defendants.

### AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Unknown at this stage. Possible Motion to Remand.

Plaintiff should be allowed until <u>August 5, 2021</u>, to move to amend the pleadings and until <u>August 5, 2021</u>, to join additional parties in compliance with the requirements of Fed.R.Civ.P. 15(a).

Defendants intend to file:  Unknown at this stage.

Defendants should be allowed until <u>August 19, 2021</u>, to move to amend the pleadings and until <u>August 19, 2021</u>, to join additional parties in compliance with the requirements of Fed.R.Civ.P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1.      On November 20, 2017, Plaintiff was an employee of AlliedBarton Security company.

2.      On that date, Plaintiff was working in the course and scope of his employment with AlliedBarton while on the premises at the UPS facility located at 2401 Comanche Road, N.E., Albuquerque, New Mexico.

The parties further stipulate and agree that the law governing this case is: New Mexico substantive law and Federal procedural law.

## PLAINTIFF'S CONTENTIONS

Plaintiff contends that he suffered a torn bicep due to Defendants' insistence that he perform work duties under unreasonable and insufficient work conditions – specifically, Plaintiff was not provided the proper equipment to perform his task of cutting locks off of incoming

delivery trucks, and as a result he sustained injuries. Prior to the injuries, Plaintiff had complained of the work conditions, but on the date of injury, his complaints were ignored and he was faced with the threat of termination if he failed to perform his duties.

Defendants UPS and Lane were overseeing his work duties and the parties that forced Mr. Baker to work using insufficient equipment.

## DEFENDANT'S CONTENTIONS

Defendants UPS and Lane deny Plaintiff's allegations, generally.  These Defendants affirmatively state they were not negligent and deny they are liable for Plaintiff's claimed injuries and damages. They also deny they had any right to control, or exerted any control, over Plaintiff while he performed his job for AlliedBarton at the UPS facility. These Defendants assert affirmative defenses of comparative fault, as well as other affirmative defenses, as set forth in their Answers.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

List all witnesses who, at this time, you think will either testify or be deposed, giving their names, titles, addresses and brief summaries of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their names, addresses, areas of expertise, and brief summaries of the anticipated testimony.

## WITNESSES

Plaintiff may call the following witnesses:

1.  Plaintiff John Baker (Resident of Albuquerque, New Mexico)
    c/o Christopher P. Lucero
    P.O. Box 25391
    Albuquerque, NM 87125-0391
    505-225-8778

Plaintiff is expected to testify about his recollection of the alleged incident at issue and his claims and claimed damages asserted in the Complaint and throughout the litigation of this matter.  He is also expected to testify about the nature, extent, and treatment of his alleged personal injuries, any pre-existing conditions, and other similar incidents/injuries.  Finally, he is expected to testify about any interactions he had with employees of UPS regarding the alleged incident, his training and employment at AlliedBarton, and work performed for AlliedBarton by him at the UPS facility.

2.  Leandro Lane (Resident of Carrollton, TX)
    c/o Monica R. Garcia
    P.O. Box 3170
    Albuquerque, NM 87
    505-884-0777

Mr. Lane is expected to testify about his position at UPS and any interactions/understandings with AlliedBarton and Mr. Baker, as well as his knowledge of the alleged incident at issue.  He is also expected to testify about the process and role, generally, by/of employees of third-party vendors regarding the handling of secured loads that come into the facility.

3.  Daniel Lucero
    Address currently unknown
    505-917-3402

Mr. Lucero was an AlliedBarton employee and colleague of Mr. Baker. Mr. Lucero is expected to testify as to the work conditions AlliedBarton employees dealt with at the UPS facility, the insufficient equipment provided in order to perform work-related tasks, the interactions between UPS and AlliedBarton employees, and the subject incident, including the injuries and damages suffered by Mr. Baker.

4.  Chris Twichell
    Address currently unknown
    505-589-0571

Mr. Twichell was an AlliedBarton employee and colleague of Mr. Baker. Mr. Lucero is expected to testify as to the work conditions AlliedBarton employees dealt with at the UPS facility, the insufficient equipment provided in order to perform work-related tasks, the

interactions between UPS and AlliedBarton employees, and the subject incident, including the injuries and damages suffered by Mr. Baker.

    5.  Eric Gurule
       Address currently unknown
       Phone number currently unknown

    Mr. Gurule was an AlliedBarton employee and colleague of Mr. Baker. Mr. Lucero is expected to testify as to the work conditions AlliedBarton employees dealt with at the UPS facility, the insufficient equipment provided in order to perform work-related tasks, the interactions between UPS and AlliedBarton employees, and the subject incident, including the injuries and damages suffered by Mr. Baker.

    6.  Employees of UPS
       c/o Monica R. Garcia
       P.O. Box 3170
       Albuquerque, NM 87
       505-884-0777

    Should any employees of UPS be discovered as witnesses to the alleged incident and/or who may have had interactions with Plaintiff, they would be expected to testify about their knowledge and recollection of same.

    7.  Steven Cardenas, PA
       Concentra Medical Center
       3101 Menaul Blvd., NE
       Ste B
       Albuquerque, NM 87107
       505-842-5151

    Mr. Cardenas may be called to testify as to matters of liability, causation, and damages including but not limited to the records he has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

    8.  Jerri Bryson, PT
       Concentra Medical Center
       3101 Menaul Blvd., NE
       Ste B
       Albuquerque, NM 87107
       505-842-5151

Ms. Bryson may be called to testify as to matters of liability, causation, and damages including but not limited to the records she has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

9.   Paul Legant, MD
     3864 Masthead NE
     Albuquerque, NM 87109
     505-338-6600

Dr. Legant may be called to testify as to matters of liability, causation, and damages including but not limited to the records he has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

10.  Mark Edward Howshar, MD
     Upright MRI
     7600 Jefferson St., NE
     Ste. #26
     Albuquerque, NM 87109
     505-796-9200

Dr. Howshar may be called to testify as to matters of liability, causation, and damages including but not limited to the records he has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

11.  Alan Altman, MD
     500 Walter St. NE
     Ste 301
     Lovelace Medical Towers
     Albuquerque, NM 87102
     505-843-7798

Dr. Altman may be called to testify as to matters of liability, causation, and damages including but not limited to the records she has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the

reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

      12. Stephanie Martinez, MOT OTR\L CHT
         Carroll Hand Therapy
         8400 Osuna Rd. NE
         Suite 3-C
         Albuquerque, NM 87111
         505-248-1586

      Ms. Martinez may be called to testify as to matters of liability, causation, and damages including but not limited to the records she has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

      13. Juliana Garcia, D.O.
         417 7th St. NW
         Albuquerque, NM 87102
         505-242-0800

      Ms. Garcia may be called to testify as to matters of liability, causation, and damages including but not limited to the records she has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

      14. Dustin Richter, M.D.
         417 7th St. NW
         Albuquerque, NM 87102
         505-242-0800

      Dr. Richter may be called to testify as to matters of liability, causation, and damages including but not limited to the records he has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

15. Miguel Pupiales, MD
    Pain Free New Mexico
    630 Manzano St., NE
    Suite D
    Albuquerque, NM 87110
    505-344-7246

Dr. Pupiales may be called to testify as to matters of liability, causation, and damages including but not limited to the records she has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

16. Any additional treatment providers discovered throughout the course of discovery. Such individuals are expected to testify as to matters of liability, causation, and damages including but not limited to the records he has created regarding Plaintiff's injuries following the incident, her medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

17. Any witness identified by Defendant.

18. Any necessary expert witness(es).

19. Any necessary foundational witness(es).

20. Any necessary impeachment witness(es).

21. Any rebuttal witness(es).

Defendants UPS and Lane may call the following witnesses:

1. Plaintiff John Baker (Resident of Albuquerque, NM)
   c/o Christopher P. Lucero
   P.O. Box 25391
   Albuquerque, NM 87125-0391
   505-225-8778

Plaintiff is expected to testify about his recollection of the alleged incident at issue and his claims and claimed damages asserted in the Complaint and throughout the litigation of this matter. He is also expected to testify about the nature, extent, and treatment of his alleged

personal injuries, any pre-existing conditions, and other similar incidents/injuries.  Finally, he is expected to testify about any interactions he had with employees of UPS regarding the alleged incident, his training and employment at AlliedBarton, and work performed for AlliedBarton by him at the UPS facility.

2.  Leandro Lane (Resident of Carrollton, TX)
    c/o Monica R. Garcia
    P.O. Box 3170
    Albuquerque, NM 87
    505-884-0777

Mr. Lane is expected to testify about his position at UPS and any interactions/understandings with AlliedBarton and Mr. Baker, as well as his knowledge of the alleged incident at issue.  He is also expected to testify about the process and role, generally, by/of employees of third-party vendors regarding the handling of secured loads that come into the facility.

3.  Employees of UPS
    c/o Monica R. Garcia
    P.O. Box 3170
    Albuquerque, NM 87
    505-884-0777

Should any employees of UPS be discovered as witnesses to the alleged incident and/or who may have had interactions with Plaintiff, they would be expected to testify about their knowledge and recollection of same.

4.  Plaintiff's treatment providers, as disclosed by Plaintiff.  Such individuals are expected to testify about their respective treatment provided to Plaintiff, any future treatment anticipated, and any opinions held to a reasonable degree of medical probability.

5.  Any witness identified by Plaintiff.

6.  Any necessary expert witness(es).

7.  Any necessary foundational witness(es).

8.  Any necessary impeachment witness(es).

9.  Any rebuttal witness(es).

10. Witnesses not yet discovered.

Defendants UPS and Lane may supplement this list as discovery continues.

## <u>EXHIBITS</u>

Plaintiff may introduce the following exhibits:

1.  Plaintiff's medical records related to the subject incident.

2.  Plaintiff's medical bills related to the subject incident.

3.  Leandro Lane's Employment Records

4.  Photos obtained through discovery of the subject equipment at issue.

5.  Photos of Plaintiff relevant to the subject issues.

6.  Any exhibits identified by Defendant not objected to.

7.  Documents obtained in the discovery process that are currently unknown and not objected to.

8.  Any documents necessary for use as rebuttal, foundation and/or impeachment.

Plaintiff reserves the right to supplement this list as discovery continues.

Defendants UPS and Lane may introduce the following exhibits:

1.  Contract between UPS and AlliedBarton.

2.  Plaintiff's Employment records.

3.  Plaintiff's Medical records.

4.  Photos of the

5.  Any exhibits identified by Plaintiff not objected to.

6.  Documents obtained in the discovery process that are currently unknown and not objected to.

7.  Any documents necessary for use as rebuttal, foundation and/or impeachment.

Defendants UPS and Lane may supplement this list as discovery continues.

## <u>EXPERT WITNESSES</u>

Plaintiff may call the following expert witnesses:

1. Steven Cardenas, PA
   Concentra Medical Center
   3101 Menaul Blvd., NE
   Ste B
   Albuquerque, NM 87107
   505-842-5151

Mr. Cardenas may be called to testify as to matters of liability, causation, and damages including but not limited to the records he has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

2. Jerri Bryson, PT
   Concentra Medical Center
   3101 Menaul Blvd., NE
   Ste B
   Albuquerque, NM 87107
   505-842-5151

Ms. Bryson may be called to testify as to matters of liability, causation, and damages including but not limited to the records she has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

3. Paul Legant, MD
   3864 Masthead NE
   Albuquerque, NM 87109
   505-338-6600

Dr. Legant may be called to testify as to matters of liability, causation, and damages including but not limited to the records he has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

4.  Mark Edward Howshar, MD
    Upright MRI
    7600 Jefferson St., NE
    Ste. #26
    Albuquerque, NM 87109
    505-796-9200

Dr. Howshar may be called to testify as to matters of liability, causation, and damages including but not limited to the records he has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

5.  Alan Altman, MD
    500 Walter St. NE
    Ste 301
    Lovelace Medical Towers
    Albuquerque, NM 87102
    505-843-7798

Dr. Altman may be called to testify as to matters of liability, causation, and damages including but not limited to the records she has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

6.  Stephanie Martinez, MOT OTR\L CHT
    Carroll Hand Therapy
    8400 Osuna Rd. NE
    Suite 3-C
    Albuquerque, NM 87111
    505-248-1586

Ms. Martinez may be called to testify as to matters of liability, causation, and damages including but not limited to the records she has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

7. Juliana Garcia, D.O.
417 7th St. NW
Albuquerque, NM 87102
505-242-0800

Ms. Garcia may be called to testify as to matters of liability, causation, and damages including but not limited to the records she has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

8. Dustin Richter, M.D.
417 7th St. NW
Albuquerque, NM 87102
505-242-0800

Dr. Richter may be called to testify as to matters of liability, causation, and damages including but not limited to the records he has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

9. Miguel Pupiales, MD
Pain Free New Mexico
630 Manzano St., NE
Suite D
Albuquerque, NM 87110
505-344-7246

Dr. Pupiales may be called to testify as to matters of liability, causation, and damages including but not limited to the records she has created regarding Plaintiff's injuries following the incident, his medical condition, medical history, injuries, diagnosis, treatment, prognosis, the reasonableness and necessity of the treatment, the authenticity of the bills and records, the reasonableness of the medical billing, and any other matter consistent with Plaintiff's injuries, his observations, findings, assessments, and treatment of Plaintiff as documented in the medical records.

Depositions and general discovery in this matter has not been completed, and Plaintiff reserves the right to supplement this expert witness disclosure as additional information becomes available.

Plaintiff reserves the right to elicit, by way of cross-examination or during their case-in-chief expert testimony from each and every Defendant in this case and the witnesses designated by Defendant in this cause of action.

Plaintiff reserves the right to supplement this designation with additional designation of experts within the time limits imposed by the Court or any alterations of the time limit by subsequent court order or by any agreement of the parties according the Federal Rules of Civil Procedure or Federal Rule of Evidence.

Plaintiff reserves the right to call undesignated rebuttal fact and/or expert witnesses whose testimony cannot be reasonably foreseen until the Defendants have had the opportunity to designate and produce their experts for deposition.

In the event that a present or future defendant designates an expert or designates a present or future defendant as an expert but is then for any reason dismissed from the suit or fails to call any designated expert, Plaintiff reserves the right to designate and/or call any such defendant or previously designated experts, even if the designating party is no longer a party to the suit at the time of trial.

Plaintiff reserves the right to call and/or question an expert designated by any other party for all purposes including that of obtaining expert testimony. Plaintiffs further reserve the right to call any and all physicians and/or healthcare providers who have rendered treatment to the Plaintiff at any time and to supplement this designation as discovery in this matter continues.

Defendants UPS and Lane may call the following expert witnesses:

Defendants UPS and Lane have not yet determined whether they will call any testifying expert witness(es) at this stage of litigation.  They anticipate potential rebuttal expert(s) to any identified by Plaintiff, including a medical expert.

Discovery will be needed on the following subjects:  *(Brief description of subjects on which discovery will be needed.)* The incident at issue; Plaintiff's claimed injuries and damages, any pre-existing medical conditions and/or injuries; Plaintiff's history of any prior injuries/incidents; Plaintiff's employment with AlliedBarton and scope of duties and training; and Plaintiff's experience/duties with AlliedBarton undertaken at the UPS Facility.

Maximum of ___25___ interrogatories by each party to any other party.  (Responses due ___30___ days after service).

Maximum of <u>   25   </u> requests for production of documents by each party to any other party.  (Response due <u>   30   </u> days after service).

Maximum of <u>   25   </u> requests for admission by each party to any other party.  (Response due <u>   30   </u> days after service).

Maximum of <u>   8   </u> depositions by Plaintiff(s) and <u>   8   </u> by Defendant(s).

Each deposition (other than of <u>   parties and experts   </u>) limited to maximum of <u>   4   </u> hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by <u>   March 8, 2022   </u>

from Defendant(s) by <u>   April 8, 2022   </u>

Supplementation under Rule 26(e) due no later than 15 days after receipt *(set time(s) or interval(s)).*

All discovery commenced in time to be completed by May 10, 2022.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file:  Unknown at this time. Motions in Limine potentially.

Defendant intends to file:  Motion to Dismiss Defendants Leo Lane and John Doe; Motions in Limine (dependent on discovery).

## ESTIMATED TRIAL TIME

The parties estimate trial will require <u>   4   </u> days/weeks.

<u>  X  </u>   This is a non-jury case.

<u>       </u>   This is a jury case.

The parties request a pretrial conference in ___June 2022___.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to discovery about Plaintiff's medical treatment and prognosis, The parties request a settlement conference  the second week of October 2021.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITHOUT EXCEPTIONS


/s/ *Christopher P. Lucero*
Christopher P. Lucero
For Plaintiff
P.O. Box 25391
Albuquerque, NM 87125-0391
505-225-8778
chris@lawoffice_lh.com


/s/ *Monica R. Garcia*
Monica R. Garcia
For Defendant
P.O. Box 3170
Albuquerque, NM 87190-3170
505-884-0777
mrgarcia@btblaw.com